Michael J. BAILEY, Appellant,

v.

STATE of Minnesota, Respondent.

No. C6–82–1402.

Supreme Court of Minnesota.

Dec. 2, 1983.

Ronald Haskvitz, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Jerry S. Anderson, Spec. Asst. Attys. Gen., St. Paul, Raymond F. Schmitz, Olmstead County Atty., Rochester, for respondent.

WAHL, Justice.

This is an appeal from an order of the district court denying postconviction relief from a conviction of burglary based on a plea of guilty. We affirm.

■ At the postconviction hearing petitioner contended, *inter alia,* that he entered his guilty plea because he was physically abused by his jail custodians as he awaited trial and feared that he would be subjected to more abuse if he did not plead guilty in order to be sentenced to prison. The district court concluded that petitioner's plea was voluntary. We hold that the evidence supports that determination. The trial court, at the time the plea was entered, specifically asked petitioner if his decision to plead guilty was influenced by any treatment he had received in jail. Petitioner said no. The court conducted the plea examination carefully and at great length. At the postconviction hearing, petitioner's attorney testified that petitioner had never indicated to him that he wanted to plead guilty because of any apprehension that he would be physically abused in jail. Under the circumstances, the postconviction court's determination must be affirmed.

■ Petitioner also contended at the postconviction hearing that his sentence should be reduced, and his brief on appeal raises that issue. It appears, however, that the issue has been rendered moot by a decision of the district court, on remand pursu-

ant to stipulation, to reduce petitioner's sentence. Petitioner was entitled to immediate release from prison as a result of that reduction.

Affirmed.